Gregory agt. Campbell.

## SUPREME COURT.

JAMES H. GREGORY agt. CYRUS N. CAMPBELL and others.

On an order of *reference* in a mortgage foreclosure case, the first duty of the referee under the statute, aside from computing the amount due on the mortgage, is to ascertain whether the mortgaged premises are so situated that they can be sold in parcels without injury to the interests of the parties.  So far as the duty of the referee is concerned under this branch of the order of reference, the inquiry is simply how can the mortgaged premises be sold so as to realize therefrom the greatest amount of money ?

A sale of the whole premises in one parcel can only be *most beneficial to the parties,* when the mortgagee will receive and the mortgagor pay from the sale thereof the largest amount of the mortgage debt, and leave the largest surplus after payment of the whole debt.  The benefit mentioned and intended by the statute is a benefit *common to both parties.*

The report of the referee in such cases is but part of the evidence before the court and upon which it is called upon to decide whether it will or will not be most beneficial to the parties to decree a sale of the whole premises in one parcel in the first instance.  The court will look to the pleadings, and will receive other evidence in its discretion, and will consider any stipulations. offers and admissions of the parties or of other persons presented to it on the hearing.

Where it appeared to the court that the mortgaged premises consisted of about 150 acres of land mostly within the limits of the city of Rochester, and was laid out for the most part into city lots, intersected by streets, and upon the map consisted of a variety of distinct blocks of ground, and that the bond and mortgage, (which were given to secure purchase money,) were given to secure the sum of $35,920, of which only the sum of $2,592.08 was due and payable, the residue being payable in instalments running through a period of about fourteen years.  And the evidence before the referee and otherwise, being quite conclusive that eligible sales for cash in hand of said lands in parcels large or small, could not then be made at a forced sale.  And the fact that the plaintiff then tendered a stipulation to bid on the sale in one parcel the whole amount of principal and interest due, and to become due on the bond and mortgage with costs, so as to leave no deficiency for which the defendants would be responsible.

*Held,* that the case came within the statute, and within the case in 1 *Paige,* 450, making it the duty of the court to decree a sale of the whole premises in one parcel, as most beneficial to the parties.

*Monroe Special Term, July,* 1858.

FORECLOSURE.

The issues of fact presented by the pleadings had been tried

at a previous term, before Justice JOHNSON, and found in favor of the plaintiff, and an interlocutory decree made by him referring it to a referee to compute the amount due upon the bond and mortgage, and ascertain the situation of the mortgaged premises in the usual manner of such orders.

The referee had made his report to which the defendant's counsel had duly excepted. The cause was put upon the calendar for the special term and duly noticed for hearing. When reached in its order on the calendar, the plaintiff moved for a decree on the referee's report, and would stipulate to bid the amount reported due by the referee in case the premises were sold in one parcel. The counsel for the defendant presented several offers from different persons to bid on distinct parcels of the land, provided the premises were sold in parcels, and also brought on the exceptions to the referee's report for argument. And the same having been duly argued at a subsequent day in the term, such exceptions were overruled and a decree ordered for the plaintiff.

The points presented by the exceptions and upon the proofs taken by the referee, will sufficiently appear in the opinion.

M. S. NEWTON, *for plaintiff.*
S. MATHEWS, *for defendants.*

E. DARWIN SMITH, Justice. Under orders of reference in cases like this, aside from computing the amount due on the mortgage, the first duty of the referee is to ascertain whether the mortgaged premises are so situated that they can be sold in parcels, without injury to the interests of the parties. (*Sec.* 164 *of article* 6, *chap.* 1, *part* 3 *of the Revised Statutes.*)

This provision of the statute relates entirely to the material condition of the mortgaged property. If the referee finds that the property cannot be sold in parcels, as he would be bound to do, in cases where it is indivisible for use or enjoyment, as in the case of a mill, a store, a dwelling-house or a farm, or single piece of property, whose value consisted in keeping it together in its unity or entirety, such finding will practically

end his duties under the order. And so it will be if he finds that the mortgaged premises consists of distinct parcels of land, whose relative value is entirely independent of each other. In such cases he will so report, and the land must be sold accordingly.

But if he finds that the mortgaged premises consist of a large tract of land, he will then inquire whether such tract can be subdivided and sold in distinct parcels without impairing its aggregate value, and if so in what parcels, or whether the premises are so situated that the sale of the whole in one parcel will be most beneficial to the parties. So far as the duty of the referee is concerned, under this branch of the order of reference, the inquiry is simply how can the mortgaged premises be sold so as to realize therefrom the greatest amount of money? The statute, (*Sec.* 165 *of the act aforesaid,*) can have no other meaning. A sale of the whole premises in one parcel can only be *most beneficial to the parties,* when the mortgagee will receive, and the mortgagor pay from the sale thereof the largest amount of the mortgage debt and leave the largest surplus after payment of the whole debt. The benefit mentioned and intended by the statute, is a benefit *common to both parties* in this single respect. Nothing is referred to a referee under these orders of reference except the questions relating exclusively to the material situation of the mortgaged premises, and how the same can be most advantageously sold, having reference to its condition, the demand for such property, and its relative value and saleableness in the market in the locality where it is situated. The report of the referee is but part of the evidence before the court, and upon which it is called upon to decide whether it will or will not be most beneficial to the parties to decree a sale of the whole premises in one parcel in the first instance. The court will look to the pleadings, and will receive other evidence in its discretion, and will consider any stipulations offered, and admissions of the parties, or of other persons presented to it on the hearing.

The referee in this case finds that the mortgaged premises

might be sold in parcels without injury to the value of the land, and is of the opinion that they should be sold together, for the reasons stated. The reasons stated do not strictly apply to the questions pending before the referee, that is to say, how the land can be sold to produce the most money, whether in parcels or as a whole? From the report of the referee, and the evidence received by him, it appears that the mortgaged premises consist of about 150 acres of land, mostly within the limits of the city of Rochester. They are laid out for the most part into city lots, intersected by streets, and upon the map exhibited, consist of a variety of distinct blocks of ground. The land was sold to the defendant, it appears, originally in one parcel, but it had then been partly plotted into city lots.

If the amount secured by the bond and mortgage in this case was all due, I cannot think that any court would be warranted in decreeing a sale of the whole premises in one parcel under the proofs before the referee.

But it appears that there is secured by this mortgage, and remaining unpaid to the plaintiff thereon, the sum of $35,920, of which only the sum of $2,592.08 is now due and payable. The residue being payable in instalments, running through a period of about fourteen years from its date. The property was obviously purchased and sold with the view to the resale of the same by the defendants in small parcels for city lots, for the plaintiff bound himself to receive in payment bonds and mortgages upon small parcels of said land, not to be for a smaller sum than $200 each, nor having over fourteen years to run, and to execute releases of the property sold.

From this source, it was doubtless expected that the mortgage debt was to be paid. In view of these facts, it is impossible to say that these lands cannot be sold in parcels so far as relates to the situation and use of the property. The difficulty, if any, lies in the want of demand for the land in such parcels, or a demand to such an extent as will make it the duty of the court to require the same to be so sold. All the plaintiff is entitled to is to receive his pay upon the mortgage in cash, as the

Gregory agt. Campbell.

payments fall due. If parcels of this land can be sold for cash sufficient to-pay the amount now due to the plaintiff, without impairing his security for the balance of his debt, or the relative value of the residue of the land, it ought to be so sold, and the court cannot hold that it will be most beneficial for the parties to sell the whole land in one parcel. And this it strikes me, was the chief matter for inquiry before the referee, since if the premises are sold in parcels, no more can be sold now than will be sufficient to pay the amount now due, while if the same are sold in one parcel the whole debt must be at once paid. No proof seems to have been given before the referee, that specific parcels of the mortgaged premises, or any particular number of parcels, could now be sold for cash, sufficient to raise the amount now due to the plaintiff. If such proof had been offered, it would have been the duty of the referee to have inquired and reported whether the sale of such parcels could be made without prejudice to the relative values of the residue of the property, or to the security of the plaintiff for the residue of his debt. If it had appeared that such parcels might be so sold, but that it would take the choicest selections or portions of the mortgaged premises to raise the amount of money now due to the plaintiff, then it would not be beneficial to the parties to order such sale, as it would obviously jeopardize the ultimate payment of the whole debt, as the referee finds that the defendants are insolvent, and that the whole mortgage property is now an inadequate security for the whole debt, and that the land cannot now be sold in parcels or as a whole, without a great sacrifice upon its nominal value. The fact that the defendants have had the right for about two years to sell the land in parcels, and on long credit and apply the proceeds, if in the shape of bonds and mortgages, to the amount of $200, in payment of the purchase money, and have made no sales and have suffered the mortgage to be foreclosed for an instalment of $2,500, would seem to furnish quite conclusive evidence that eligible sales for cash in hand of said lands in parcels large or small, cannot now be made at a forced sale.

These facts, in connection with the fact that the plaintiff now

tenders a stipulation to bid on the sale of the said premises in one parcel, the whole amount of principal and interest due and to become due on said bond and mortgage, with costs so as to leave no deficiency for which the defendants will be responsible, seems to me to bring the case within the statute, and within the case in 1 *Paige*, 450, making it the duty of the court to decree a sale of the whole premises in one parcel, as most beneficial to the parties.

The defendants present, it is true, some offers to purchase particular parcels, but these should have been made to the referee, so that he might have inquired whether the persons making such offers were responsible persons, and whether the land proposed to be purchased by them, could properly be separated and sold within the principles above stated; which I think so improbable that I do not think it expedient to send down the case to the referee for further examination.

The exceptions to the report of the referee must, therefore, be disallowed, and the said report confirmed, and a decree for the sale of the whole premises in one parcel be made accordingly.

Decree accordingly.