[No. 6,443.—In Bank.]

# JOHN S. CARMICHAEL *v.* JOSEPH McGILLIVRAY.

MORTGAGE—FORECLOSURE—DECREE.—In an action to foreclose a mortgage upon several parcels of land, where the pleadings contained no allegations concerning the order in which the parcels should be sold, and the prayer of the complaint was a general one, the Court, in its decree, prescribed a particular order in which the parcels should be sold. *Held*, to be error.

APPEAL from a judgment for the plaintiff, in the Fourteenth District Court, County of Placer. REARDAN, J.

Neither the complaint nor the answer contained any allegations in relation to the order in which the parcels of land should be sold. The other facts are stated in the opinion.

*Gray & Haven*, for Appellant.

The right to direct the order in which real property shall be sold belongs to the debtor. (Code Civ. Proc. § 694.) Section 726 of the Code of Civil Procedure, which governs actions to foreclose mortgages, contains nothing which authorizes the Court to make the direction contained in the decree.

*C. A. Tuttle*, and *Charles Tuttle*, for Respondent.

The decree directs the three parcels to be sold separately, and when money enough is received to pay the mortgage, that the sale stop. The decree is equitable, and no objection was made to it. There might have been ground for complaint if the property had been ordered sold in a lump. The Court would doubtless have directed it to be sold in a lump, if the defendant had desired it.

MORRISON, C. J.:

This is a suit in equity to foreclose a mortgage on three separate and distinct parcels of land, situate in the county of Placer; and the mortgaged premises are described in the complaint as follows: "All those claims known as the Dardanelles claims, situate near Forest Hill, and bounded on the north by Devil's Cañon, east by the Oro claims, south by the slope of the hill to the middle fork of the American River, and on the

west by the Big Spring claims; also, the Oro mining claims, bounded on the north by Devil's Cañon, east by the Green Spring mining claims, south by the slope of the hill to said middle fork of the American River, and on the west by the Dardanelles claims; also, that ditch known as the Miner's Ditch, and conveying the water from Shirt Tail Cañon and tributaries to Forest Hill, Todd's Valley, and the miners in that vicinity." The complaint was in the ordinary form, and the prayer was the following: "Therefore the plaintiff prays judgment, that the Court will take an account of the amount due the plaintiff on said note and mortgage, and that the usual decree may be made for the sale of said mortgaged premises," etc.

Issue was taken on the facts alleged in the complaint; and after hearing the evidence, the following findings were filed by the Court:

"1. Jones and Dougherty owned the property described in the complaint, and borrowed $15,000 in gold coin from the plaintiff, and to secure the payment of the same, gave the plaintiff a mortgage on said property; afterwards, Jones and Doughtery sold the property to McGillivray, one of the defendants, and as a part of the consideration of the purchase, McGillivray gave to the plaintiff the note and mortgage described in the complaint, and the old note and mortgage were canceled; and afterwards McGillivray sold the property to the defendant, the Dardanelles Consolidated Gravel Mining Company.

"2. There is due the plaintiff on the note described in the complaint the sum of $18,035 in gold coin of the United States.

"My conclusion is, that the plaintiff have judgment, as prayed for in the complaint."

On these findings, a decree of foreclosure was entered on the 22nd day of November, 1878, which directed that the mortgaged premises should be sold in the following order: first, the ditch, then the Dardanelles claims, and lastly the Oro claims. The appeal is taken from the above-mentioned judgment; and the point made is, that the Court erred in directing and decreeing that the parcels of property mortgaged should be sold in the order stated.

It is claimed on behalf of the appellant, that §§ 684 and 694 of the Code of Civil Procedure are applicable to foreclosure

proceedings, the latter of which provides that the judgment debtor may direct the order in which the property levied on shall be sold. It is also contended, that if neither of the above sections applies to foreclosure sales, and if the sale is to be regulated by § 726 of that Code, in either event the decree is erroneous. Section 726 provides, that " there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter. In such action, the Court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary) and the application of the proceeds of the sale to the payment of the costs of the Court and the expenses of the sale and the amount due the plaintiff."

In the case now under consideration, the prayer was a general one, that the mortgaged property should be sold; and the finding was, that the property should be sold according to the prayer of the complaint. The decree was a departure from the usual form, and was not warranted either by the allegations of the complaint or the finding of the Court.

It is unnecessary for us to decide in this case whether §§ 684 and 694 are applicable to foreclosure sales; for, in our opinion, there was nothing in the case made by the pleadings or in the facts found by the Court which justified the direction in the decree which is complained of on this appeal.

The judgment is therefore reversed, and the cause remanded, with instructions to modify the decree in the manner indicated in this opinion.

MYRICK, J., SHARPSTEIN, J., ROSS, J., McKINSTRY, J., and THORNTON, J., concurred.