JOHN N. MACOMB v. JOHN F. PRENTIS AND GEO. H. PRENTIS.

*Proof of service of chancery subpœna—Sale in gross on foreclosure—Rights of persons not parties.*

1. Objections to the prima facie sufficiency of the proof of service of a chancery subpœna will not be heard if raised for the first time in the appellate court, and after the proof has been treated as sufficient in the court below.

2. Sale on foreclosure in equity may be made in the lump or in parcels, as the trial judge may think most likely to bring the highest price.

3. The rights of foreclosure purchasers who are not made parties and do not complain will not be considered on appeal.

Appeal from Mackinac. (Steere, J.) May 6.—June 10.

FORECLOSURE bill. Defendants appeal. Affirmed.

*Wm. J. Gray* for complainant. In execution sales and statutory foreclosures land is sold in parcels, not so much because it thereby brings the highest price, as because each parcel should be redeemable by whoever may become the owner within the year allowed for redemption : *Clark v. Stilson* 36 Mich. 485 ; of the right of the court to direct a sale in either of the two ways there can hardly be much question : *Penn v. Craig* 1 Green Ch. 497 ; *Merwin v. Smith* id. 182 ; *Coxe v. Halsted* id. 319 ; *Vaughn v. Nims* 36 Mich. 297 ; *Clark v. Stilson* id. 485 ; *Detroit Savings Bank v. Truesdail* 38 Mich. 440 ; *Davis v. Dresback* 81 Ill. 393 ; *Pancoast v. Duval* 26 N. J. Eq. 445 ; *Mohawk Bank v. Atwater* 2 Paige. 61 ; in this case, the lands in question, even upon a statutory foreclosure, would be considered as but one tract : *Grover v. Fox* 36 Mich. 461 ; *Snyder v. Hemmingway*

47 Mich. 553; *Larzelere v. Starkweather* 38 Mich. 103; where the security is ample, the mortgager's wishes should in general govern, but where there is doubt, the mortgagee's wishes should be followed: *Brown v. Frost* 1 Hoff. Ch. 43; *Walworth v. Farmers &c. Co.* 4 Sandf. Ch. 51; if the defendants are entitled to a particular mode or order of sale, it is their duty to indicate to the court that mode or order: *Detroit Savings Bank v. Truesdail* 38 Mich. 440; *Woodhull v. Osborne* 2 Edw. Ch. 614; *St. Joseph Mfg Co. v. Daggett* 84 Ill. 556; as these defendants did nothing of the kind, it is manifestly proper that the court should indicate the order of sale: *Brugh v. Darst* 16 Ind. 79.

*Alfred Russell* for defendants appellant. An affidavit of service must be positive and sufficient to sustain a default: 1 Burr. Pr. 370; *Johnson v. Delbridge* 35 Mich. 436; on execution sales, separate parcels cannot be sold as one, and if so sold, the sale is void: *Lee v. Mason* 10 Mich. 403; *Am. Ins. Co. v. Oakley* 9 Paige 259; *Woods v. Monell* 1 Johns. Ch. 503.

SHERWOOD, J. The bill of complaint in this cause was filed to foreclose a mortgage given by the defendant John F. Prentis to the complainant to secure the payment of a bond given by both of said defendants for the sum of $14,000, in three equal annual installments, with interest at six per cent., payable semi-annually from November 1, 1882; both bond and mortgage bearing same date. Subpœna was duly issued and personal service thereof obtained upon both defendants as follows, viz. :

" We, the defendants named in the annexed writ of subpœna, do hereby accept due and personal service of the same, which writ is teste'd the thirteenth day of November, 1883, and subscribed by Wm. J. Gray, solicitor, with the seal of the court impressed thereon, together with the underwriting at the foot thereof. JOHN F. PRENTIS.

GEO. H. PRENTIS.

DETROIT, November 15, 1883."

"STATE OF MICHIGAN, COUNTY OF WAYNE, ss.:—Circuit Court for the County of Mackinac—In Chancery, ss.

*John N. Macomb v. John F. Prentis and George H. Prentis.*

*County of Wayne, ss.*: Wm. J. Gray, of said county, being duly sworn, deposes and says, that he is well acquainted with the handwriting of defendant George H. Prentis, and knows that the above signature to acceptance of service of George H. Prentis, to be said defendant's own signature; that he has seen said defendant's (John F. Prentis') handwriting, and believes that the foregoing signature to acceptance of service to be said John F. Prentis' own signature; that said signature was obtained by agreement with his brother Browse T. Prentis, who handed the same to deponent, as the written acceptance of said John F. Prentis, and that a substantial consideration was given for said signature.

WILLIAM J. GRAY.

Subscribed and sworn to before me, May 14, 1884.

CHAS. T. WILKINS,

Notary Public, Wayne county, Michigan."

Neither of the defendants appeared, and the bill was taken as confessed against them.

The mortgaged property consisted of about 5000 acres lying in the counties of Chippewa and Mackinac, with a sawmill thereon, chiefly valuable for lumbering purposes, and the petition states that the whole premises have been used for lumbering operations as one tract. The case was referred to a circuit court commissioner to take the usual proofs in such cases, who made a report to the court. At the time of hearing, the complainant filed a sworn petition, asking that the mortgaged premises be all sold together, and giving reasons therefor. Defendant George H. Prentis made answer to the petition, giving reasons why the sale should be made in parcels. It does not appear whether any other testimony was taken or evidence given on the question presented in the petition. No other appears upon the record. The usual decree of foreclosure and sale was entered, requiring that, in default of payment, all the mortgaged premises should be sold, which was subsequently done. The defendant John F. Prentis appeals to this Court, and insists that the court had

no jurisdiction to make the decree of sale, for want of proper service of the subpœna upon him; and if this shall be held otherwise, then that the decree is fatally defective in not requiring the land to be sold in parcels.

The record shows that there was testimony by affidavit of Mr. Gray offered to prove the admission of service of the subpœna by the appellant and his signature to the admission filed. This was, of course, passed upon by the circuit judge when the decree was made. Neither at the circuit, nor on appeal to this Court, has the appellant or the other defendant questioned or denied appellant's signature to the admission of service; but for the first time, and on the first occasion, is the question raised in the brief of counsel for appellant on the hearing in this Court. Upon the record as now presented, under all the circumstances, we must hold the evidence prima facie sufficient.

It is undoubtedly true that the policy of our statutes is that forced sales of land under execution, and statutory sales, and perhaps in all cases where time is given for redemption, the sale should be made in parcels. How. Stat. §§ 8503, 6116. And in very many cases it would be highly proper to do so on foreclosure sales in equity; but in the latter case it is left to the discretion of the court to direct what course shall be pursued upon this subject. In statutory foreclosures the requirement is express, but in foreclosures in equity the statute is silent; there is no redemption in the latter case. Equity always directs sales in such manner and quantities as will secure the highest price.

In *Clark v. Stilson* 36 Mich. 482, Chief Justice Cooley says: "The requirement that the sale shall be made in parcels is in the interest of the party or parties entitled to redeem, and to protect their right to redeem each parcel separately." The circuit judge after hearing the case passed upon the question on that subject, and ordered the property all sold; and from what appears upon the record we are unable to discover any abuse of the discretion used.

We have no occasion to consider the rights of persons who are not made parties to the suit, and therefore forbear any dis-

cussion of the last point made by defendant that there was a subsequent purchaser, who has interests affected by the decree complained of.   None of these are before us or complaining so far as appears from the record.

The decree must be affirmed with costs.

The other Justices concurred.