[S. F. No. 1543.   Department One.—February 18, 1901.]

BANK OF UKIAH, Respondent, v. JOHN S. REED et al., Appellants.

FORECLOSURE OF MORTGAGE—REAL AND PERSONAL PROPERTY—RELATIVE ORDER OF SALE—POWER OF COURT.—In an action to foreclose a mortgage covering two separate parcels of real estate and two distinct kinds of personal property, the court is not required to follow the prayer of the complaint, as to the relative order of sale of such parcels; but it may, acting as a court of equity, direct the property to be sold in such relative order as it deems for the best interest of the parties.

ID.—REVIEW UPON APPEAL—EVIDENCE NOT SHOWN—PRESUMPTION.—Upon appeal from the judgment of foreclosure, where the evidence taken before the court on the question of the relative order of

sale of the real and personal property is not shown, the action of the court will not be presumed erroneous or injurious to the appellant.

ID.—ALLOWANCE OF COUNSEL FEES—LIEN UPON REAL ESTATE—PRIOR SALE OF BANK STOCK—INSUFFICIENCY OF PROPERTY—INJURY NOT SHOWN.—The allowance of counsel fees for the foreclosure of the mortgages as to the real estate, which was only declared a lien thereupon, and not upon the bank stock, does not show that the appellant was injured by a prior sale of the bank stock, where it appears that the sale of the entire property in separate parcels was insufficient to satisfy the judgment; and in such case the mere omission to make the counsel fees for each parcel of real estate a lien upon that parcel alone was only technical error, not injurious to the appellant.

ID.—OMISSION OF PART OF MORTGAGED PROPERTY—MISTAKE—FREEDOM FROM LIEN OF MORTGAGE—RELEASE OF DEFICIENCY JUDGMENT.— Where part of the mortgaged property was omitted by mistake, the failure of the plaintiff to have it included in the judgment had the effect to free it from the lien of the mortgage and from a sale in satisfaction of the judgment; and the judgment will not be reversed for such omission where the plaintiff has voluntarily released and entered satisfaction of the deficiency judgment.

ID.—TAXES UPON LAND PAID BY PLAINTIFF—LIEN UPON PERSONAL PROPERTY—OBJECTION NOT SHOWN BY RECORD.—Where the judgment does not show or declare that any portion of the amount is for taxes paid by the plaintiff, and it does not otherwise appear from the record, an objection that the court was not authorized to include any part of the taxes paid by plaintiff upon the real estate as a lien upon the personal property given as security is not shown to be tenable.

ID.—PROVISION IN MORTGAGE FOR PAYMENT OF TAXES—CONSTITUTION NOT VIOLATED.—A provision in the mortgage that the mortgagee "may pay all taxes, liens, or assessments upon the said property, and the same shall be repaid with interest thereon at the rate of one per cent per month," does not violate section 5 of article XIII of the constitution. It does not show a contract by which the mortgagor is obligated to pay any taxes upon the money loaned, or on any mortgage, deed of trust, or other lien.

ID.—EXONERATION FROM LIABILITY FOR INTEREST—AFFIRMATIVE DEFENSE. The exoneration of the mortgagor from liability for interest is an affirmative defense, which must be established by the defendant by showing a contract in violation of the terms of the constitution.

ID.—FRANCHISE OF GAS WORKS INCLUDED IN MORTGAGE—SALE UNDER FORECLOSURE—APPEAL.—Where the mortgagor included the franchise of gas works in the mortgage, it would seem that he should be estopped from questioning the mortgagee's right to

a foreclosure sale; but if no title will pass by such sale, the appellant cannot be injured, and the judgment of foreclosure will not be reversed or modified by omitting such franchise from the decree of sale.

APPEAL from a judgment of the Superior Court of Mendocino County.   S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

Heller & Powers, and James L. Robison, for Appellants.

J. A. Cooper, for Respondent.

HARRISON, J.—Action in foreclosure.

The appellant, John S. Reed, executed to the plaintiff July 23, 1892, his promissory note for fifteen thousand four hundred and ninety-one dollars, and at the same time, to secure its payment, executed a mortgage upon certain real estate in Mendocino county, known as the Reed Ranch.   December 5, 1893, he executed to the plaintiff another promissory note for four thousand seven hundred and two dollars, together with a mortgage for securing its payment upon the property described in his former mortgage, and at the same time transferred and assigned to the plaintiff certain shares of stock in the Bank of Ukiah as additional security for the payment of both of his said promissory notes.   April 2, 1894, as further security for the payment of said notes, he executed a mortgage upon certain other real property in the county of Mendocino, and also a chattel mortgage upon certain sheep held by him in that county. The present action is brought to recover judgment for the amount of the promissory notes, and that the above property be sold in satisfaction thereof.   The appellant, Anna M. Reed, is the wife of the mortgagor, and is made a defendant under the averment that she claims some interest in the property. John S. Reed demurred to the complaint, and thereafter withdrew his demurrer and consented that his default be entered.   Anna M. Reed filed a consent that default be taken against her, stating also that she declined to further answer or appear in the action.   Their defaults were thereupon entered by order of the court, and on September 18, 1897, judgment against them was entered in favor of the plaintiff, de-

termining the amount due to it and directing a sale of the property described in the complaint. In its judgment the court directed that the bank stock should be sold first and the other personal property next, and thereafter the real estate in two specific parcels, as therein designated. Under the order of sale issued thereon, as appears from the briefs filed in behalf of the respective parties, and also from copies of the records of the superior court filed herein, the property described in the judgment was sold for less than the amount found due to the plaintiff, and a deficiency judgment entered against the mortgagor. This deficiency judgment was afterward voluntarily satisfied by the plaintiff. After the sale had been made and the return thereon filed by the sheriff, viz., March 18, 1898, the present appeal was taken and is presented here upon the judgment-roll without any bill of exceptions.

1. The court did not err in directing the order in which the property should be sold. The appellant had mortgaged to the plaintiff two separate parcels of real estate and two distinct species of personal property. The plaintiff had asked in its complaint that the lands respectively described in each of the two mortgages thereof should be sold in one lot or parcel, and that each of the two species of personal property should be sold separately in one lot or parcel. No particular order for the sale of these particular pieces was designated or requested therein, and the court was not required to follow the order in which the parcels had been enumerated by the pleader or set forth in the complaint; nor were there any equities of third persons to be considered in determining the order in which the sale should be made. It would have been impracticable, if not inequitable, to direct all the property to be sold as an entirety. In the absence of any showing upon the subject the court would have been justified in following by analogy the requirements of the statute (Code Civ. Proc., sec. 682, subd. 1), for the terms of an ordinary writ of execution, and directing that the personal property be sold before resorting to the real estate. Acting as a court of equity, it was proper for it to direct the property to be sold in such order as would be for the best interests of the parties to the action; and it appears from the judgment that the court took testimony for that purpose, and found

therefrom that it was for the best interests of all parties that
the property should be sold in the order therein directed, for
the reason that it would sell to better advantage and bring
a better price by being sold in that order. This provision in
the judgment is not erroneous as a matter of law, nor is there
any presumption against its validity. If, as claimed by appel-
lants, it is erroneous as a matter of fact, it was incumbent upon
them to cause such error to appear. If there was any ground
upon which the court could have given this direction, it must
be assumed that such ground was shown to it. The appellants
have not brought up the evidence, nor do they show that they
have been in any respect injured. In *Cord v. Southwell,* 15 Wis.
211, it was held that the court might in its judgment direct the
order in which the mortgaged premises should be sold, without
any foundation being laid therefor in the pleadings, and might
determine this order upon facts shown at the hearing, and that
if such directions were erroneous, it was incumbent upon the
defendant to show that to be so. The same principle is sus-
tained in *Macomb v. Prentis,* 57 Mich. 225; *Gregory v. Campbell,*
16 How. Pr. 417; Wiltsie on Foreclosure, sec. 491; Pingree on
Mortgages, sec. 1918; Jones on Mortgages, sec. 1618; *Hopkins
v. Wiard,* 72 Cal. 262. *Carmichael v. McGillivray,* 57 Cal. 8,
cited by appellants, does not present a different rule. In that
case the plaintiff asked for the "usual decree" in foreclosure
suits, and as its conclusion of law the court held that the plain-
tiff have judgment "as prayed for in the complaint." Instead
of following this direction the judgment directed that the ditch
be sold before the sale of the mining claims. Upon the appeal
therefrom it was made to appear to the supreme court by an
affidavit to that effect that this provision of the judgment was
inequitable and would work an injustice to the mortgagors.
The judgment was reversed upon the ground that the decree
was a departure from the "usual form," and was not warranted
by the "finding of the court." (See, also, *Broder v. Conklin,* 98
Cal. 363.) In the present case no objection to the form of
the decree or attempt to modify its terms was made to the
superior court, nor was the appeal therefrom taken until after
the property had been sold in accordance with its terms; nor
has it been made to appear here that the defendants have been

in any respect injured, or that a greater sum of money would have been received if the sale had been made in any other way than that directed by the court.

2. The court allowed to the plaintiff eight hundred dollars as counsel fees for the foreclosure of the mortgages upon the real estate and the sheep, and this amount was included in the aggregate sum which was declared to be a lien upon the property given as security for the payment of the notes. It is urged by the appellants that the effect of directing that the bank stock be sold before the sale of the other property was to cause the proceeds of such sale to be applied to the payment of these counsel fees, whereas it appears from the findings that no portion of the counsel fees was a lien thereon. This objection is, however, specious rather than real. The bank stock was a security for the entire indebtedness upon the promissory notes as much as was the other property, and it was immaterial to the defendants whether the bank stock or the other property should be sold first, so long as the sale of the entire property would be insufficient to satisfy the judgment. Unless the bank stock should sell for the entire amount of the judgment, exclusive of the counsel fees, the defendants would not have been injured by having it sold first. As the proceeds of the entire property were insufficient to satisfy the judgment, the defendants have suffered no injury by reason of the order in which the sale was directed. If the judgment had directed that the other property be first sold, and that after paying to the plaintiff the counsel fees, if the balance of its proceeds should be insufficient to satisfy the judgment the bank stock be then sold, the position of the appellants would be the same as it would under the decree first rendered.

For the same reasons the omission to make the counsel fees allowed for the foreclosure of each of the several mortgages a specific lien upon the property described in that mortgage was only technical error.

3. The mortgage, as alleged in the complaint, included as a portion of the mortgaged property, the southeast quarter of the northwest quarter of section 27, township 22, but the judgment does not declare that this parcel is subject to the lien, nor does it contain a direction for its sale. The appellants

urge that the court thereby erred and that inasmuch as they have the right to have all of the mortgaged property sold before there can be any personal liability, the judgment must be reversed. The error of the court, if any error there was, was its omission to include this parcel with the lands subject to the lien. It could properly direct the sale of only that property which it had found to be so subject. It is highly probable that the omission results from a mistake of the scrivener in describing the property, either in the complaint or in the judgment. The same omission or mistake is found in the prayer of the complaint, which enumerates the property that the plaintiffs ask to have sold, and the judgment follows the terms of this prayer. But even if the parcel were included in the mortgages the failure of the plaintiff to have it included in the judgment would merely have the effect to free it from the lien of the mortgage, as well as from a sale in satisfaction of the judgment. (*Mascarel v. Raffour*, 51 Cal. 242; *Ould v. Stoddard*, 54 Cal. 613; *Bull v. Coe*, 77 Cal. 54 [1]; *Hall v. Arnott*, 80 Cal. 348; *Woodard v. Brown*, 119 Cal. 283.[2]) If the judgment is satisfied by the sale of a portion of the mortgaged premises, the mortgagor will hold the omitted portion discharged of all lien. If the judgment is not satisfied by the sale, a reversal of the judgment is not necessary, but the rights of the mortgagor are fully preserved by directing that the judgment be modified by striking out all liability for the deficiency. In the present case the same result has been obtained by the plaintiff's voluntary satisfaction of the deficiency judgment.

4. It is further objected that the court was not authorized to make any portion of the taxes paid by the plaintiff upon the real estate included in the mortgage a lien upon the other property given as security for the indebtedness. It is a sufficient answer to this objection that it does not appear that the judgment includes any amount for the payment of taxes. It is not specifically declared therein that any portion of its amount is for taxes paid by the plaintiff, nor does it appear from a comparison of its amount with a computation of the indebtedness claimed in the complaint, that any amount paid for taxes is included therein.

[1] 11 Am. St. Rep. 235.          [2] 63 Am. St. Rep. 108.

5. The claim that the provision in the mortgages for the payment of taxes takes away all liability for the payment of interest upon the indebtedness is not sustained by the record. The mortgages themselves are not set forth in the complaint, but it is averred that they provide "that the plaintiff may pay all taxes, liens, or assessments upon the said property, and that the same shall be repaid with interest thereon at the rate of one per cent per month." Section 5 of article XIII of the constitution declares that every contract by which a debtor is obligated to pay any tax or assessment "on money loaned or on any mortgage, deed of trust, or other lien," shall, as to the interest specified therein, be null and void. The above averment falls far short of showing a contract by which the mortgagor is obligated to pay any taxes upon the money loaned or upon the mortgages given therefor. This exoneration from liability is an affirmative defense which must be established on the part of the defendant. There is no substantial difference between the averment herein and the provision in the mortgage considered in *Marye v. Hart,* 76 Cal. 291, which it was held did not have the effect claimed by the appellants herein.

6. It is next contended that the court erred in directing a sale of the franchise of the Ukiah Gas Works, for the reason that such franchise is not the subject of a sale under execution. As the appellants included this franchise in their mortgage to the plaintiff, it might well be held that they are estopped from questioning plaintiff's right to a judgment for its sale in the foreclosure of that mortgage; but if, as claimed by them, a transfer of the franchise, either by way of mortgage or by judicial sale, is forbidden by statute, no title would pass by the sale, and the appellants can sustain no harm therefrom.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.