METROPOLITAN LIFE INSURANCE COMPANY v FOOTE

Docket Nos. 43239, 43342. Submitted November 7, 1979, at Lansing.—
Decided February 6, 1980. Leave to appeal applied for.

Metropolitan Life Insurance Company held a mortgage in the
amount of $1,365,000 covering four separate parcels of commer-
cial property pledged as security by Les Foote, Inc. A second
mortgage on this property was given by the Foote Corporation
to Octagon Financial. The property was subsequently conveyed
by Les Foote, Inc. to Lester C. Foote, who in turn conveyed the
property to Lester C. Foote Trust No. 1, of which Donald L.
Foote was trustee. Metropolitan brought an action to foreclose
the first mortgage on the basis of delinquencies in payments of
principal and interest, naming Donald Foote, as trustee of the
Lester C. Foote Trust No. 1, and Octagon Financial as defen-
dants. Plaintiff moved for summary judgment. The Ingham
Circuit Court, Thomas L. Brown, J., granted plaintiff's motion
for summary judgment. The trial court subsequently entered
an order denying defendant's motion to amend the order of
summary judgment of foreclosure and entered an order of
confirmation of sale. Defendants appealed separately and the
appeals were consolidated for consideration. Defendants argue
on appeal that the trial court erred in permitting the mort-
gaged property to be sold *en masse* rather than by parcels.
*Held:*

1. The statutory provision providing for sale by parcels at
foreclosure sales is intended to protect the right to redeem and
is thus mandatory in nature in the absence of other circum-
stances. A party who has waived his right to redeem prior to
the foreclosure and for valuable consideration cannot object to
the fact that the sale was not made in parcels.

2. Where a mortgage instrument provides in plain and unam-
biguous language that the mortgagee may, at its option, require
that the property at a foreclosure sale be sold *en masse,* and
where it is found that the mortgage instrument was an arm's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur 2d, Mortgages § 649 *et seq.*
Estoppel of or waiver by parties or participants regarding irregular-
ities in foreclosure sale. 2 ALR2d 78.

length agreement and that the mortgagee did not act in bad faith in exercising its option to sell the property *en masse,* the contractual provision agreed to by the parties does not fail on the basis that it is contrary to public policy. The statutory provision providing for sale by parcels is designed to protect the redemption rights in those instances where no other provision for a foreclosure sale is specified by the parties.

Affirmed.

1. MORTGAGES — SALE AS SEPARATE PARCELS — PURPOSE OF STATUTE — WAIVER OF STATUTORY RIGHTS — STATUTES.

The statutory provision providing for sale by parcels at a foreclosure sale is mandatory in nature, absent other circumstances, so as to protect the right of redemption; however, where a party waives in advance for valuable consideration the right to redeem, that party cannot object to the fact that the sale was not made in parcels (MCL 600.3165; MSA 27A.3165).

2. MORTGAGES — SALE AS SEPARATE PARCELS — WAIVER BY AGREEMENT.

A mortgaged property made up of separate parcels may be sold *en masse* where the mortgage instrument is an arm's length agreement which in plain and unambiguous language provides that upon foreclosure the mortgaged property can, at the option of the mortgagee, be sold *en masse* and there is no evidence that the mortgagee acted in bad faith in exercising its option to sell the property *en masse.*

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Judson Werbelow* and *Gregory L. McClelland),* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Douglas J. Austin* and *Darrell A. Lindman),* for defendant Donald Foote, Trustee of the Lester C. Foote Trust No. 1.

*Blackburn & Backus,* for defendant Octagon Financial.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendants appeal by right from a grant of plaintiff's motion for summary judgment of foreclosure made September 21, 1978, an order entered on January 8, 1979, denying a motion to amend the summary judgment of foreclosure, and an order of confirmation of sale entered on January 24, 1979.

On September 20, 1968, Les Foote, Inc. granted Metropolitan Life Insurance Company (hereinafter Metropolitan), a New York corporation, a mortgage in the amount of $1,365,000 as security for an obligation. The mortgage incumbered four separate parcels of property in Lansing, each of which had a commercial building constructed on it. On October 16, 1973, a second mortgage on this property was granted to Octagon Financial (Octagon), a Michigan limited partnership.

On December 31, 1975, Les Foote, Inc. conveyed the aforesaid encumbered property to Lester C. Foote. On January 20, 1976, Lester C. Foote conveyed the property to the Lester C. Foote Trust No. 1, of which Donald L. Foote was trustee.

On February 23, 1978, Metropolitan filed an action in Ingham County Circuit Court to foreclose the mortgage, alleging that no mortgage installment payments on the principal had been made since August 3, 1977, and no interest payments had been made since December 8, 1977. By reason of an acceleration clause, the entire amount owed on the mortgage became due. Donald L. Foote and Octagon were named as defendants in this suit.

On March 2, 1978, the trial court entered an order appointing a receiver for the mortgaged property. The defendants were enjoined from interfering with the receiver in the discharge of his duties.

In August of 1978, Metropolitan filed a motion

for summary judgment of foreclosure and a pro-
posed judgment under GCR 1963, 522.1(2). The
defendants filed objections to the proposed judg-
ment contending that the parcels should be sold
individually pursuant to MCL 600.3165; MSA
27A.3165, that the judgment should contain a fixed
minimum price for each parcel pursuant to MCL
600.3155; MSA 27A.3155 and, finally, that each
parcel should be redeemable at its individual bid
price.

On September 21, 1978, the trial court held a
hearing concerning the defendants' objections to
the proposed judgment of foreclosure. The defen-
dants sought to introduce the testimony of Gerald
Walsh, an appraiser, to substantiate their conten-
tion that the mortgaged premises would provide a
higher return if sold individually. The trial judge
refused to allow the proffered testimony, based on
paragraph 14 of the mortgage which allows a sale
*en masse* upon default. A judgment of foreclosure
approving a sale *en masse* was entered on Septem-
ber 21, 1978.

On October 10, 1978, defendants filed a motion
to amend the summary judgment of foreclosure,
alleging that this judgment was not in appealable
form as a final judgment under GCR 1963, 518.
The motion was denied. On January 24, 1979, the
circuit court granted Metropolitan's motion for
entry of an order of confirmation of sale.

On appeal, the defendants allege that MCL
600.3165; MSA 27A.3165 mandatorily requires a
sale by individual parcels where it will not result
in injury to the interests of the parties. MCL
600.3165; MSA 27A.3165 provides in pertinent
part:

"Sec. 3165. (1) If the defendant does not bring into

court the amount due, with costs, or if for any other cause a judgment is entered for the plaintiff, and if it appears that the premises can be sold, in parcels, without injury to the interests of the parties, the judgment shall direct as much of the premises subject to the mortgage or land contract to be sold as is sufficient to pay the amount then due on the mortgage or land contract, with costs, and the judgment shall remain as security for any subsequent default.

\* \* \*

"(3) If it appears to the court that the premises subject to the mortgage or land contract are so situated that a sale of the whole premises will be most beneficial to the parties the judgment shall be entered for the sale of the whole premises in the first instance."

This statute is mandatory in nature, and, absent other circumstances, would have been applicable to the instant case. See *Masella v Bisson,* 359 Mich 512, 517-518; 102 NW2d 468 (1960).

However, paragraph 14 of the mortgage instrument in question contained the following provision:

"If default shall be made in the payment of the indebtedness secured hereby or any part thereof, or in the performance of any covenants, conditions or agreements of this Mortgage then the whole indebtedness hereby secured with all interest thereon and all other amounts secured hereby shall, at the option of the Mortgagee, become immediately due and payable without demand or notice and this Mortgage subject to foreclosure, the said Mortgagee is hereby authorized and empowered to grant, bargain, sell and convey the property hereby mortgaged, and appurtenances at public sale pursuant to the statute in such case made and provided and out of the proceeds to retain all sums hereby secured and the costs and charges of such sale, as well as the cost of certification of abstract or title search, and the attorneys' fees provided for by law; and such sales or a sale pursuant to a decree in chancery

for the foreclosure hereof, may at the option thereof be made *en masse.*"

In *Clark v Stilson,* 36 Mich 482 (1877), the Court stated that property in a foreclosure sale is required to be sold in parcels in order to protect the right of redemption, but where a party waives his right to redeem in advance and for valuable consideration, he cannot object to the fact that the sale was not made in parcels.

The mortgage instrument in question was an arm's length agreement between businessmen, like any other contract. See generally, *Northrip v Federal National Mortgage Ass'n,* 527 F2d 23 (CA 6, 1975), where a power of sale in a mortgage was found to be a private contractual remedy. See also, *Cramer v Metropolitan Savings & Loan Ass'n,* 401 Mich 252; 258 NW2d 20 (1977). If the language of a contract is plain and unambiguous, the intention expressed and indicated in the contract holds. *Charles J Rogers, Inc v Dep't of State Highways,* 36 Mich App 620, 627; 194 NW2d 203 (1971). The contractual provision agreed to by the parties does not contravene Michigan public policy, as the statute providing for sale by parcels was merely designed to protect the redemption rights of the parties where no other provision for a foreclosure sale is specified. See *Macomb v Prentis,* 57 Mich 225, 228; 23 NW 788 (1885), *Masella v Bisson, supra.* There is no indication that Metropolitan acted in bad faith by choosing to exercise its option to sell the property *en masse.*

Affirmed.