[Civ. No. 6822.  Second Appellate District, Division One.—January 23, 1930.]

DELL ANDREWS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

J. C. Landry and J. K. Wilson for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondents.

CRAIG (ELLIOT), J., *pro tem.*—Upon the filing of the petition for writ of prohibition an alternative writ of prohibition was issued. Respondents made return by general demurrer to the petition and the matter was submitted upon briefs, which have been filed.

On September 26, 1927, during the then pendency of an action for divorce, Edith E. Andrews and Dell Andrews

entered into a property settlement which included a provision for payment of $200 per month by Dell Andrews to Edith E. Andrews. On March 1, 1928, said parties resumed full marital relations and continued thereafter to live together as husband and wife until April 20, 1928, when they again separated. This divorce action was dismissed by plaintiff on June 21, 1928, and upon the same day she commenced a new action for divorce against said Dell Andrews. Process therein was duly served and defendant failed to appear. On July 19, 1928, the case was heard as a default matter and the interlocutory judgment was duly entered July 26, 1928. The complaint is in the usual form of a complaint for divorce on the ground of cruelty, and contains no allegation concerning property, earning ability or other facts as a basis for an award of alimony, other than the allegation "that there is no community property," and, in relation to the charge of acts of cruelty, "That during the past year defendant, although well able financially so to do, has refused and neglected to pay the ordinary household bills of plaintiff and defendant, thus causing plaintiff to suffer great and grievous mental anguish and humiliation." By the prayer of the complaint plaintiff prayed judgment that she be granted a decree of divorce, that she be awarded the control and custody of the minor child of plaintiff and defendant, and for such other and further relief as to the court may seem meet and just.

The interlocutory judgment contained a finding that all of the allegations of the complaint are true and is in the usual form, except for the following provision contained therein, "It is further adjudged that that certain property settlement heretofore entered into between plaintiff and defendant, and providing for payments to the plaintiff in the sum of two hundred ($200.00) dollars per month and on file in this case, be, and the same is hereby, made a part and portion of this interlocutory judgment."

On November 1, 1928, an order to show cause was issued by said Superior Court requiring defendant to appear on November 21, 1928, and show cause why he should not be adjudged in contempt of court for failure to make the payments of $200 per month as specified in the interlocutory judgment. On November 21, 1928, defendant gave notice of motion to modify the interlocutory judgment by strik-

ing therefrom the above quoted portion thereof. This motion was denied without prejudice on December 4, 1928. On December 12, 1928, defendant moved for a rehearing on said motion and on said date said motion was denied without prejudice to motion to set aside default and judgment.

On December 20, 1928, the order to show cause *in re* contempt, continued from November 21, 1928, came on for hearing and the court ordered defendant "to pay $100.00 per week to plaintiff until all alimony was paid up."

Apparently nothing further transpired of record in the case until June 18, 1929, when the court issued an order requiring defendant to show cause, on July 2, 1929, why he should not be adjudged in contempt of court for failing to make the payments required by court order of December 20, 1928. On July 2, 1929, defendant was adjudged in contempt of court and sentenced to confinement in jail for three days; thereupon sentence was suspended on condition that defendant "keep up the payments."

On July 29, 1929, defendant moved the court for a final judgment of divorce, with said reference to property settlement omitted therefrom. This motion was denied. On July 29, 1929, an order was issued by the court requiring defendant to show cause, on August 7, 1929, why he should not be adjudged in contempt of court for disobeying the order of December 20, 1928.

On August 5, 1929, petitioner filed in this court his petition for writ of prohibition to arrest said contempt proceeding.

Before proceeding further it is necessary to determine the legal effect or force of that part of the interlocutory judgment complained of. A close study thereof shows only that a property settlement is made a part and portion of the judgment. The phrases "heretofore entered into between plaintiff and defendant," "and providing for payments to plaintiff of two hundred ($200.00) dollars per month," and "and on file in this case," clearly are matters only of identification of a certain property settlement and in nowise state any order for the payment of any sum. The interlocutory judgment contains no order, decree or judgment for the payment of any sum. This determination makes it unnecessary to discuss at length the contentions and cita-

tions by petitioner that the judgment is void in so far as it attempts to require the payment of alimony for the alleged reason that the matter of alimony is without the issues of the case and beyond the prayer of plaintiff's complaint.

Respondents argue that since the petitioner is not now cited for contempt for his failure to obey the interlocutory judgment, but is cited for his contempt in failing to obey the order of December 20, 1928, the petition for writ of prohibition should be denied for the reason that the judge on December 20, 1928, had jurisdiction to decide wrongly as well as correctly, that said judge had jurisdiction to make his order interpreting what was meant by the interlocutory judgment and, having done so, entered his order accordingly. Respondents further argue that nothing has been shown by the petition that in the present contempt proceeding the Superior Court has not taken proper procedure to complete jurisdiction of the person of the defendant and the subject of the contempt proceeding. To these arguments petitioner replies that there can be no breach, and there can be no contempt without a corresponding and antecedent order to pay, and that the order of December 20, 1928, is a nullity because it is founded upon the interlocutory judgment, and said judgment contains no order to pay. Neither respondents nor petitioner cite any authorities in connection with said last above stated arguments. The case of *Pennell* v. *Superior Court,* 87 Cal. App. 375 [262 Pac. 48], is not directly in point, but a statement of that case may add some light to the question before us. In the Pennell case the Superior Court in an action for divorce made an order or judgment for the payment of attorney's fees by the husband directly to the attorney for the wife. Said husband failed to make payment and was cited for contempt. On the hearing he objected to the jurisdiction of the court on the ground that the order was in excess of the jurisdiction of the court and wholly void on its face. The objection was overruled, said husband was adjudged in contempt and the matter of imposing sentence was postponed. In the interim between the hearing and the date set for sentence said husband applied for a writ of prohibition and the District Court of Appeal granted the writ and held that said judgment to pay, being a judgment in favor of a per-

son not a party to the suit, was irregular and void, and that the court was without jurisdiction to punish the husband for contempt for failure to obey such void judgment or order. Said court therein held that where contempt proceedings have been instituted and it is manifest from previous orders or decisions of the court that it will proceed, notwithstanding the lack of jurisdiction, the trial proceedings will be stayed by writ of prohibition. ■ A court cannot punish as a contempt the disobedience of an order made without or in excess of jurisdiction. (5 Cal. Jur. 918, and cases therein cited.) Disobedience to a void order does not constitute contempt. (5 Cal. Jur. 919; *Maier* v. *Luce,* 61 Cal. App. 552, 558 [215 Pac. 399]; *Pennell* v. *Superior Court, supra.*) ■ Surely, if the foregoing is true as to a void order, then where, as in this case, there is in fact no order for payment the court cannot acquire jurisdiction to punish for contempt for disobedience of an alleged order (which in fact does not exist) and any such adjudication of contempt is a nullity.

In the case of *Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 Pac. 252], the court, after setting forth the property settlement in full in the interlocutory judgment, ordered in said judgment "that said plaintiff shall take all of the community property as set forth in said property settlement and agreement as aforesaid." Therefore that case is not authority for the contention that a mere incorporation by reference of a property settlement (not set forth in any pleading) in an interlocutory judgment of divorce is equivalent to a direct order for payment in accordance with such property settlement.

The petition states that said Superior Court "has threatened and does now threaten to enforce that portion of the interlocutory judgment of divorce referring to a property settlement or alimony, and the subsequent orders based thereon of the 20th day of December, 1928, the 2d day of July, 1929, and the 29th day of July, 1929, and unless prohibited from so doing will on August 7, 1929, deprive your petitioner of his liberty and property without due process of law," and "that petitioner has no plain, speedy or adequate remedy in the ordinary course of law." ■ Whether or not there is a plain, speedy and adequate remedy in the ordinary course of law is a question of fact de-

pending upon the circumstances of the particular case. (*Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92, 96 [207 Pac. 552].) ▮ If this were the first order to show cause *in re* contempt in the entire case we might feel required to give merit to respondents' contention that it is entirely possible that if petitioner allows the contempt proceeding to come up for hearing, the respondent court will agree entirely with the petitioner "that that part of the interlocutory judgment complained of is improper and that the order of December 20, 1928, is likewise improper." Respondents further contend that a proceeding for a writ of prohibition should not be employed to anticipate the ruling of an inferior court. (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228 [207 Pac. 903]; *County of Sutter* v. *Superior Court,* 188 Cal. 292 [204 Pac. 849]; *Athearn* v. *Nicol,* 187 Cal. 86 [200 Pac. 942]; *Preston* v. *Superior Court,* 184 Cal. 658 [195 Pac. 916].) We think that the order of December 20, 1928; the adjudication of contempt and order of July 2, 1929, and the issuance of the order to show cause on July 29, 1929, by respondent court clearly indicated otherwise than as respondents contend and these prior matters show that petitioner is justified in his belief that if the order to show cause is permitted to be heard in the Superior Court he will again be adjudged in contempt and punished accordingly. From such adjudication of contempt of court, if made, there is no right of appeal. (Code Civ. Proc., sec. 1222.) Hence from all of the facts we conclude that petitioner has no plain, speedy and adequate remedy in the ordinary course of law and that the demurrer should be overruled and the peremptory writ of prohibition should be issued.

The demurrer is overruled and the peremptory writ will issue in accordance with the foregoing decision.

Conrey, P. J., and Houser, J., concurred.