[Civ. No. 7890. Second Appellate District, Division One.—May 21, 1931.]

FLORA PARKER DE HAVEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Loyd Wright, Charles E. Millikan and Herschel B. Green for Petitioner.

No appearance for Respondent.

THE COURT.—In making the order denying the petition for writ of mandate, we relied upon the decision of this court in *Anderson* v. *Superior Court*, 103 Cal. App. 360 [284 Pac. 494]. In that case it was held that where an interlocutory decree of divorce did not in terms provide for and direct the payment of alimony, but merely referred to an agreement between the parties and purported to make same "a part and portion of this interlocutory judgment", such reference did not constitute an order for payment of any sum. Petitioner now calls attention to decisions made in *Tripp* v. *Superior Court*, 61 Cal. App.

64 [214 Pac. 252], and *Ex parte Weiler*, 106 Cal. App. 485 [289 Pac. 645], and argues that under the authority of those decisions we should accept the conclusion that the amended interlocutory decree in *De Haven* v. *De Haven* contained an order for the payment of alimony, notwithstanding the fact that said amended interlocutory decree made no such order other than that, by reference only, it incorporated the property settlement agreement as a part of the decree "as if wholly and completely set forth at this point".

The facts shown in the record of the court below, as exhibited by the petition for writ of mandate herein, are as follows: On the eleventh day of July, 1928, while the divorce action was pending, plaintiff and defendant in that action entered into an agreement "providing for the disposition of the community property, and custody of the children, and support and maintenance of plaintiff and the minor children, and alimony". The cause came on for hearing on August 29, 1928, after default entered against the defendant, and thereupon the court entered an interlocutory decree wherein it was declared that said agreement of July 11, 1928, "is hereby cancelled, set aside and declared void", for certain stated reasons. The court then proceeded to make its own award of property interests and alimony. On October 26, 1929, after hearing upon an order to show cause why an amended interlocutory decree of divorce should not be entered, the court entered a so-called amended interlocutory decree which followed the terms of the original interlocutory decree in relation to the divorce, but omitted the provisions contained in the original decree concerning property rights and alimony, and stated that the terms and conditions of said property settlement agreement of July 11, 1928, were "by the court approved, and each and all of the terms and conditions of said agreement are incorporated herein; said original agreement is appended to this decree and marked Exhibit A, and made a part hereof as if wholly and completely set forth at this point".

It is well-established law that when an interlocutory decree has become final, in the sense that it is no longer subject to the right of appeal or motion for new trial, or any right to relief by order within the provisions

of section 473 of the Code of Civil Procedure, the trial court is without jurisdiction to vacate such decree or modify the same. There is, of course, the continuing authority of the court to modify its orders relating to payment of alimony; but with respect to the right to a divorce and with respect to the determination of property rights, the right to modify or vacate the decree no longer exists. (*Suttman* v. *Superior Court,* 174 Cal. 243 [162 Pac. 1032]; *Bancroft* v. *Bancroft,* 178 Cal. 367 [173 Pac. 582].) ▆ We are of the opinion, therefore, that the court below, after having finally adjudged that the agreement of July 11, 1928, should be rejected as void, and after having thus canceled and set aside that agreement, was without authority to give renewed life to such agreement by incorporating it into the amended decree.

▆ There is another phase of the case which might furnish a foundation for the present proceeding, if the affidavit for the order to show cause in the contempt proceeding in the court below stated facts sufficient to show wilful default by the defendant in the payment of alimony. After the entry of the so-called amended interlocutory decree, the court on October 30, 1929, entered a final judgment of divorce which contained the following:

"It is further ordered and decreed that wherein said interlocutory decree and order amending same makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full," etc. The affidavit in the contempt proceeding recites that the court on October 30, 1929, made its order requiring that the defendant pay plaintiff certain sums of money and that the defendant was ordered to pay one-third of his net earnings, "with a minimum of $75.00 each week". The fact is that the original interlocutory decree ordered that the defendant pay to the plaintiff one-half of his future earnings, incomes, etc., subject to certain limitations, which we need not specify. Assuming, in accordance with the views hereinabove expressed, that the amended interlocutory decree failed to provide for alimony payments, it would seem that the original interlocutory decree remains in that respect an existing order under which the rights of the parties

with respect to alimony would have to be determined. But the affidavit in the contempt proceeding is insufficient to show any default on the part of the defendant. For the affidavit says: "Plaintiff has no record of amount paid since entry of final decree and does not have full amount earned by defendant since that date. Plaintiff is certain that defendant is in default since March 16, 1930, in amount of $2800.00. . . . Defendant has earned large sums of money in theatrical profession in 1929, but has not accounted to plaintiff for amount earned. Defendant in 1930 and 1931 earned large sums from Big Bear Land Co., selling property on a commission but has not accounted to plaintiff for the exact amount earned and has not paid plaintiff all sums due under said order of October 30, 1929." But the statement that "plaintiff is certain that defendant is in default" and that defendant "has not paid plaintiff all sums due" is a mere statement of a conclusion. There should have been a direct statement showing what amounts have been paid, and some statement of facts from which an inference might be drawn that the full amount required by the decree has not been paid. This is not to say, and we do not intend to say, that in order to make a sufficient foundation for the contempt proceeding, the affidavit must show exactly how much was due, if it be shown that for want of knowledge of the amounts paid, or of the amount of defendant's earnings, plaintiff is unable to state the amount of the deficiency. The statements in the affidavit should, however, present the facts so far as known to plaintiff, and should be sufficient to show an existing default, or at least enough to establish a foundation under which an accounting might be had as a necessary preliminary to a determination of the alleged contempt by defendant of the court's order for payment of alimony.

The petition for rehearing is denied.