[L. A. No. 16331. In Bank.—October 27, 1937.]

LAWRENCE J. MILLER, Petitioner, v. SUPERIOR
COURT OF LOS ANGELES et al., Respondents.

Carlyle Miller for Petitioner.

Everett W. Mattoon, County Counsel, and Nathan M. Dicker for Respondents.

SEAWELL, J.—Petitioner seeks a writ of prohibition to restrain further prosecution of a contempt proceeding. Said proceeding is based on petitioner's alleged violation of an order of respondent court which directed him to pay $75 monthly for the support of his former wife, Edythe Miller. It is the contention of petitioner that he is not subject to contempt proceedings for the reason that his obligation to make said monthly payments rests on a property settlement agreement, rather than on a decree for alimony.

Prior to institution of an action for divorce by Edythe Miller, the parties entered into a property settlement which included a provision that petitioner agreed to pay Edythe Miller "for her maintenance" the sum of $150 a month for

the remainder of her life or until her remarriage. There were no children of the marriage. By her complaint in the action for divorce Edythe Miller prayed that the property agreement "be made a part of the decree of the court . . . by reference".

Defendant, petitioner herein, filed an appearance, but thereafter failed to answer. The court granted plaintiff a divorce on the ground of cruelty. The interlocutory decree, entered on April 1, 1931, provided: "That certain agreement entered into on the 30th day of January, 1931, between the plaintiff and defendant, which is on file with the clerk of this court, is hereby approved and by this reference made a part of this decree.

"It is further ordered that the defendant, pursuant to said agreement, pay plaintiff for her maintenance the sum of $150 per month for the remainder of her lifetime or until her remarriage. . . . "

The final decree adopted the above provisions of the interlocutory decree. Thereafter, it is alleged in the petition for writ of prohibition, petitioner brought an action to vacate and set aside the property settlement and the decrees of divorce. On January 30, 1936, while petitioner was in default in making payments provided for in the decrees, the parties entered into a further agreement with reference to their difficulties. The purpose of said agreement, as recited therein, was to dismiss the suit in equity and cancel the former property agreement. Petitioner's former wife thereby released petitioner from any or all claims for alimony and maintenance, or any other payments of any kind, arising out of the former agreement, or from the interlocutory or final decrees of divorce. Petitioner, in turn, agreed to dismiss his suit in equity, with prejudice, to execute to his former wife a promissory note in the sum of $1792, payable eight months after date, to pay her immediately the sum of $1,000, to pay her attorney $500, and to pay her $75 a month for a period of three years, commencing on February 15, 1936, or until her remarriage. The agreement further provided that the final decree of divorce might be modified by the court to "include therein the obligation by Second Party to pay said monthly payments" of $75.

The court, thereafter, on June 25, 1936, on motion of petitioner, made an order as follows: "The property settlement agreement entered into January 30, 1936, and hereby sub-

mitted to the Court, the Court hereby approves said property settlement and defendant is ordered to comply with the provisions thereof forthwith and is further ordered to pay Plaintiff $75 per month, payable on the 15th day of each month commencing as of February 15, 1936, and continuing for a period of three years provided, however, that said monthly payments shall cease and terminate in the event plaintiff remarries at any time prior to the expiration of said three year period."

On October 26, 1936, the court adjudged petitioner in contempt for failure to make monthly payments of $75 for September and October, 1936. Petitioner avers that he then made these payments to avoid imprisonment. On February 16, 1937, the court issued a further order to petitioner to show cause why he should not be adjudged guilty of contempt for failure to make payments of $75 from November 15, 1936, to February 15, 1937. Petitioner objected to the jurisdiction of the court to adjudge him guilty of contempt, as he had upon the former contempt proceeding, on the ground that the divorce decrees contained no order for payment of "alimony", but only for amounts due under a property settlement agreement. The court overruled his written objections and set a date for hearing the order to show cause.

In this situation a writ of prohibition will be granted, if, as petitioner contends, the court is without jurisdiction to adjudge him guilty of contempt. (*Andrews* v. *Superior Court,* 103 Cal. App. 360 [284 Pac. 494]; *Pennell* v. *Superior Court,* 87 Cal. App. 375 [262 Pac. 48]; *Mery* v. *Superior Court, ante,* p. 379 [70 Pac. (2d) 932].)

It has, of course, long been settled in this state, in line with the weight of authority, that an award of alimony may be enforced by contempt proceedings (*Ex parte Spencer,* 83 Cal. 460, 464 [23 Pac. 395, 17 Am. St. Rep. 266]; *Ex parte Perkins,* 18 Cal. 60; *Livingston* v. *Superior Court,* 117 Cal. 633 [49 Pac. 836, 38 L. R. A. 175]; *Cain* v. *Miller,* 109 Neb. 441 [191 N. W. 704, 20 A. L. R. 125, with note, p. 130]). One difference between an award of alimony and an ordinary money judgment is that the ordinary judgment does not order the defendant to pay anything, it simply adjudicates the amount owing, while the award of alimony, though partaking of the nature of a judgment, goes further and is a direct command to the defendant to pay the sums therein mentioned. (*Schnerr* v. *Schnerr,* 128 Cal. App. 363, 366 [17

Pac. (2d) 749].) An obligation to pay alimony is not a "debt" within the meaning of the constitutional guaranty against imprisonment for debt. (Art. I, sec. 15, State Const.)

 There are certain generally settled distinctions between alimony awarded by the court and payments due by virtue of property settlement between the parties. An award of alimony is subject to modification by the court to meet changed conditions. (*Ross* v. *Ross,* 1 Cal. (2d) 368 [35 Pac. (2d) 316]; *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 Pac. (2d) 50]; sec. 139, Civ. Code.) A property agreement, although approved by the court in the divorce action, is not thereafter subject to modification by action of the court. (*Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 Pac. (2d) 540]; *Moran* v. *Moran,* 3 Cal. (2d) 342 [44 Pac. (2d) 546]; *Parker* v. *Parker,* 55 Cal. App. 458 [203 Pac. 420].)

 The right to unaccrued alimony stops with the death of the party directed to pay. (*Parker* v. *Parker,* 193 Cal. 478 [225 Pac. 447]; *Roberts* v. *Higgins,* 122 Cal. App. 170 [9 Pac. (2d) 517]; *Borton* v. *Borton,* 230 Ala. 630 [162 So. 529, 101 A. L. R. 320, with note, 323].) The parties may by contract provide for monthly payments during the lifetime of the wife, and in such event she has a claim against the husband's estate for payments due after his death. Disobedience of alimony decrees is punishable by imprisonment for contempt. A decree merely approving a property settlement agreement is not thus punishable. (*Schnerr* v. *Schnerr,* 128 Cal. App. 363 [17 Pac. (2d) 749].)

 In the instant case, however, the court did more than merely approve the property settlement. By reference the interlocutory decree made the original agreement, on file with the clerk of the court, a part of the decree, and, in addition, the decree contained a provision expressly ordering defendant "pursuant to said agreement to pay plaintiff for her maintenance the sum of $150 per month for the remainder of her lifetime, or until her remarriage". The order subsequently made pursuant to the second agreement of the parties, approved by the court, although it did not incorporate the agreement *in haec verba* or by reference, ordered defendant "to comply with the provisions thereof forthwith", and "to pay to plaintiff $75 per month . . . for a period of three years" or until her remarriage, which was in exact accord with the agreement.

There are several decisions of the District Courts of Appeal which have upheld contempt proceedings where the decree, in addition to approving a property settlement, expressly or impliedly orders the defendant to make payments in accordance therewith. The earliest of these decisions of which we are aware is *Tripp* v. *Superior Court*, 61 Cal. App. 64 [214 Pac. 252]. In that case the trial court incorporated and set forth the property agreement in the interlocutory and final decrees. The court held that in the circumstances the incorporation in the decree was tantamount to an order to pay as provided in the agreement; that the decree had the compelling power of the court behind its every covenant, and became enforceable as a mandate of the court, that is, by contempt proceedings. This holding was followed in *Ex parte Weiler*, 106 Cal. App. 485 [289 Pac. 645], *Seymour* v. *Seymour*, 18 Cal. App. (2d) 481 [64 Pac. (2d) 168], and *Liles* v. *Superior Court*, 19 Cal. App. (2d) 506 [65 Pac. (2d) 920]. In addition, the rule of the Tripp case has been recognized in several other decisions wherein it has not been deemed applicable for the reason that the decree did not contain either an express or an implied order to pay. (*Andrews* v. *Superior Court*, 103 Cal. App. 360, 365 [284 Pac. 494]; *Schnerr* v. *Schnerr, supra; Baxter* v. *Baxter*, 3 Cal. App. (2d) 676 [40 Pac. (2d) 536].) In the instant case the interlocutory and final decree and the subsequent order, as quoted above, all contain an express order to pay. See discussion, *Baxter* v. *Baxter, supra.*)

Petitioner contends that in the light of certain decisions of this court involving allied questions, the above decisions of the appellate courts recognizing enforcement by contempt proceedings of orders to make monthly payments based on property agreements should be repudiated. In *Ettlinger* v. *Ettlinger, supra,* the decree approved and incorporated the property settlement and, in addition, ordered the defendant to pay the amounts therein provided. Under the above appellate court decisions a decree in this form clearly would be subject to contempt proceedings. The case did not involve a prosecution for contempt, but, rather, the question whether the decree, based as it was on the agreement of the parties, was subject to modification by the court upon the application of one party. We held that it was not. *Moran* v. *Moran, supra,* and *Hodgson* v. *Hodgson,* 6 Cal. App. (2d) 496

[44 Pac. (2d) 544], where there was an incorporation by reference, but not an express order, are to the same effect. If such decrees possess certain attributes which are characteristic of property settlements, rather than of the usual decree for alimony, then, it is argued, they cannot possess the attribute of enforceability by contempt proceedings, which pertains to decrees for alimony not based on property settlement.

█ The statutory obligation of the husband to support his wife is not a "debt" within the meaning of the constitutional provision against imprisonment for debt. (*Ex parte Spencer, supra; Ex parte Perkins, supra; Livingston* v. *Superior Court, supra;* note, 48 A. L. R. 1193.) An award of alimony made by the trial court has been declared to be a substitute or compensation for the marital support which the wife loses through fault of the husband. (*Ex parte Spencer, supra.*) The state has an interest in the support of the wife, lest she become a public charge. A property settlement agreement where the wife is the innocent party and hence entitled to alimony represents an effort by the parties to fix the amount to be paid by the husband as a substitute for, and in compensation for, the marital support which the wife loses through no fault of her own, and in some cases, also in lieu of a share in the community property which the wife who procures a divorce is by statute entitled to have set aside to her. "Such contracts . . . derive their sanction from a decree [approving the settlement] made by the court with knowledge of all the facts." (*Moog* v. *Moog,* 203 Cal. 406, 408 [264 Pac. 490].) The basis of the obligation in the case of an approval and order to pay, as in the case of an award of allowance not based on agreement, is the statutory obligation of marital support which is not a "debt" within the meaning of the constitutional provision. We are of the view that the order to pay a monthly allowance, even though in accordance with the agreement of the parties, is not a "debt" within the meaning of the constitutional prohibition.

To support contempt proceedings there must be an order to pay, express or necessarily to be implied. We do not hold herein that a mere approval of a property settlement, with nothing further, is such an order. (*Schnerr* v. *Schnerr, supra.*)

Cases from other jurisdictions, such as *Dickey* v. *Dickey,* 154 Md. 675 [141 Atl. 387, 58 A. L. R. 634], and *Bushman*

v. *Bushman,* 157 Md. 166 [145 Atl. 488], to the effect that an order to pay in accordance with the agreement of the parties is not enforceable by process for contempt, are in conflict with the holdings of the appellate courts of this state, which declare a sound rule. The decision of the Oregon court in *Dean* v. *Dean,* 136 Or. 694 [300 Pac. 1027, 86 A. L. R. 79], is in accord with our holding herein.

Petitioner further contends that plaintiff did not pray for an order commanding payment. She prayed that the property agreement be made part of the decree by reference, and for general relief. ·Under some of the authorities cited herein an order in the terms · prayed for would have constituted an implied order to pay, punishable by contempt. However this may be, any error in going beyond the prayer would be in the exercise of jurisdiction, and the order made and permitted to become final would not be subject to collateral attack on the ground that it went beyond the prayer. (*Cohen* v. *Cohen,* 150 Cal. 99, 101 [88 Pac. 267, 11 Ann. Cas. 520]; *Parker* v. *Parker,* 203 Cal. 787, 791 [266 Pac. 283]; *Wallace* v. *Wallace,* 111 Cal. App. 500, 505 [295 Pac. 1061]; *Ex parte Weiler, supra.*)

In the instant case the contempt proceeding is based on the subsequent order of June, 1936, ordering defendant to pay $75 a month in accord with the later agreement. Where the court makes an order to pay, as in the instant case, we are of the view that it may properly be said to have made an "allowance to the wife for her support" within the meaning of section 139 of the Civil Code. Although in this situation the court does not have power to modify the order in the absence of agreement of the parties, since the order also approved the property agreement (*Ettlinger* v. *Ettlinger, supra*), where the parties subsequently make a valid agreement for a lesser amount, as in the case herein, the court, under the power to modify given by section 139, may bring its order into line with said subsequent agreement.

The alternative writ is discharged. The peremptory writ is denied.

Shenk, J., Waste, C. J., Edmonds, J., Nourse, J., *pro tem.,* and Curtis, J., concurred.

Rehearing denied.